UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
                                                         :   Case No. 12-5798 (ERK)(JO)
IN RE: HOLOCAUST VICTIM ASSETS                           :
LITIGATION                                               :
                                                         :   (Consolidated with CV 96-4849,
                                                         :   CV 96-5161 and CV 97-461)
-------------------------------------------------------- :
                                                         :
                                                         :
This Document Relates to: All Cases                      :   **MEMORANDUM & ORDER**
                                                         :
                                                         :
                                                         :
                                                         :
-------------------------------------------------------- X

# MEMORANDUM & ORDER TERMINATING APPEALS IN *IN RE THE ASSETS OF SIEGFRIED BUDGE*

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Plan of Allocation and Distribution of Settlement Proceeds, claimants appeal from the CRT's Certified Award and Award Denial of Claims (the "CRT Decision") in connection with the decision issued in *In re the Assets of Siegfried Budge*. The facts surrounding the claims are set forth in the CRT Decision.

The claimants, Hans Kahn, Wolf Kahn, Ruth Kahn, and the Estate of Eva Ekvall (née Kahn) (hereinafter the "Kahn Claimants") are grandchildren of Siegfried Budge, a distributee under the will of Emma Budge. The Kahn Claimants, on appeal, challenge various aspects of the CRT Decision. They have made three main arguments.

First, claimants contend that the CRT did not properly calculate the value of assets that originated from the Swiss-held assets of the Estate of Emma Budge, and which were restituted

1

after the War to the heirs of Siegfried Budge. The CRT Decision valued the restitution amount in *Reichsmarks*, calculated the corresponding value in Swiss Francs, and deducted that amount from the 1945 value of the award amount. The Claimants argued that the restitution deduction should have been based upon the currency used and received after the War, *deutschmarks*, which would have resulted in less of a deduction on the basis of restitution received. I have consulted with Special Masters Junz and Bradfield and have concluded that the claimants' argument is correct. The CRT Decision awarded SF 1,354,962.21 ($1,119,803.48 at the SF 1.21 exchange rate in effect for CRT awards). Upon recalculating the restitution deduction, the amount of the award is increased by SF 833,354.25 ($688,722.52) to SF 2,188,316.46 ($1,808,526).

Second, claimants challenge the CRT's calculation of the estate tax payments made by the Budge estate to the Nazi authorities. While indicating that the deduction of estate taxes was appropriate, claimants contended that the taxes should have been calculated only in *Reichsmarks*, whereas the CRT Decision apportioned the payments among *Reichsmarks* and Swiss francs in proportion to their relative contributions to the total estate subject to tax. I note that deductions from awards are appropriate when the account owner (or his or her heirs) actually received amounts by way of direct payment of the account owner's deposit, or from subsequent restitution. Here, it is clear that the Nazi regime took the Swiss francs and credited the estate with *Reichsmarks*, and the estate used the *Reichsmarks* to pay the estate taxes. If a deduction was to be made from the award, it also should have been based in *Reichsmarks*.

No such deduction is warranted here. An estate tax is the charge that a government imposes as a transaction tax allowing the transfer of assets from one generation to the next. In this case, however, the estate tax was not imposed as a transaction tax on transfer of assets from one generation to the next, but, rather, was imposed on the forced and coerced transfer of assets

2

from one generation to the confiscating government. Under these circumstances, there is no issue as to the currency to be used for calculating the deduction, as there should have been no deduction. By eliminating the estate tax deduction, the amount of the award increases by another SF 2,971,372.79 ($2,455,679.99), from SF 2,188,316.46 ($1,808,526) (an amount which includes the restitution adjustment described above), to SF 5,159,689.25 ($4,264,205.99).

The above two adjustments affect only the assets awarded to the claimants based upon their status as grandchildren of Emma Budge's heir, Siegfried Budge.

Claimants have proffered a third challenge to the CRT Decision. They contend that they are entitled not only to the assets of Siegfried Budge, but also to those owned by certain other heirs of Emma Budge, notwithstanding that under Emma Budge's will, Siegfried Budge was allocated only 11% of Emma Budge's estate. The CRT Decision describes the various bases for denying this portion of the claim, including the fact that many of Emma Budge's heirs other than Siegfried lived outside the Reich and so received their assets upon distribution of the estate; that many if not all of the other heirs received restitution after the War (at an amount that, I am advised, might have been greater than the amount the CRT would have calculated had it determined that an award of such assets was appropriate); that the terms of the will provided that Siegfried Budge (and thus his heirs) receive only 11% of Emma Budge's estate, and nothing further; and that no heirs other than the Kahn Claimants have filed claims that would be considered timely under the Court's rules pertaining to the CRT process.[1]

---

[1] As described in the CRT Decision, the deadline for filing claims with the CRT, originally set for August 31, 2001, was extended several times through December 31, 2004. Even after that date, and through December 31, 2008, the CRT continued to accept certain claims for accounts not previously awarded where the claimants were closely related to the account owner in question and showed cause for filing a late claim. Beginning in 2009, in the interest of winding down the complex and costly match review and claims analysis processes, claimants were advised that no additional claims could be filed. *See, e.g.*, *Memorandum & Order Approving Set 192: 11 Awards, 4 Award Amendments, and 1 Corrected Award Certified by the Claims Resolution Tribunal Pursuant to Article 31(2) of the Rules Governing the*

After reviewing the claimants' written submissions, I heard oral argument. During the argument, counsel for the claimants and lead counsel for the beneficiaries of the Settlement Fund engaged in an off-the-record discussion about a possible agreed resolution of the issues presented in the appeal. Ultimately, the Kahn Claimants agreed to accept an Award of US $4,600,000 (the "Award") (an amount $335,794.01 greater than the $4,264,205.99 sum to which the Kahn Claimants would be entitled based upon recalculation of the restitution and tax adjustments noted above).[2]

After reviewing the entire record, I concluded that there was sufficient merit to the claims that justified an Award in this range, particularly since two of the three main arguments presented by the Kahn Claimants were compelling. As to the third argument, while I do not find it persuasive, it is not frivolous.

Consequently, I approved the Stipulation of Settlement on February 14, 2013. This settlement concludes the CRT process; frees significant sums for immediate distribution to other class members; and avoids unnecessary additional expense and protracted delay in distributing the remaining settlement fund assets to class members.

Counsel for the Kahn Claimants, Melvyn Urbach, represents to the Court that the Kahn Claimants have carefully considered the Award and have been advised by counsel in doing so,

---

*Claims Resolution Process and Authorizing Payment from the Settlement Fund*, December 21, 2009, at 3-4 (describing one award in Set 192 "based on a claim that was received past the claim filing deadline," and noting that the "Court in its discretion has decided to accept certain claims received past the claim filing deadline **but prior to 1 January 2009**, namely those where a set of exceptional circumstances is demonstrated" such as where "(1) the claimant has proven with certainty that the account owner is his/her relative or that he/she is otherwise entitled to the account; (2) the account has not previously been awarded to another claimant; (3) the claimant is disabled or of advanced age; and (4) there are no other timely claims to the account filed by those with an equal or closer degree of relationship to the account owner") (emphasis added). In the instant case, the Kahn Claimants requested that their claims be considered subsequent to the filing deadlines, but prior to December 31, 2008. No other heirs of Emma Budge had come forward as of that date.

[2] The $335,794.01 is a fraction of the sum to which claimants contend they are entitled as alleged heirs to the estate of Emma Budge and her distributees.

4

and have determined that acceptance of the Award in full and fair satisfaction of their claims is in their best interest.

Therefore, it is hereby ORDERED that in accordance with the terms and conditions of the Stipulation of Settlement, this appeal shall be terminated on consent, and the Kahn Claimants withdraw all claims on behalf of other beneficiaries of the estate of Emma Budge. Moreover, with the exception of claims to the assets of Siegfried Budge, which are resolved by the CRT Decision and by the Award of $4,600,000 and this Order, all claims on the Settlement Fund based upon assets held by Emma Budge and all of her heirs including but not limited to Gertrud Lascar; Walter Lascar; Marie Lascar; Marie Adler; Rudolf Ganz; Erich Ganz; Martha Ganz; Frieda Feisenberger; Jenny Reichenbach; Ludwig Bernstein; Herbert Kronheimer; Albert Rothbart; the Henry & Emma Budge Foundation, Hamburg; the Emma Budge Foundation, Hamburg; the Henry & Emma Budge Foundation, Frankfurt; and the Charitable Organizations of New York City, are rejected for the reasons set forth in the CRT Decision.

It is further ORDERED that, except to the extent that the decision of the CRT has been modified in this Order, the decision of the CRT is affirmed.

It is further ORDERED that for the payment of this Stipulation of Settlement certified and approved by the Court, the Signatories of the Settlement Fund are hereby ordered to transfer the sum of US $4,600,000.00 from the Settlement Fund to the Swiss Banks Settlement-Dormant Accounts-Payment Account. The proceeds of this Award are to be sent by wire transfer for distribution to the trust account of the attorney for Kahn Claimants, Melvyn Urbach, in the manner set forth in the accompanying Release of Claims executed by each of the Kahn Claimants: Hans A. Kahn, Wolf Kahn, Victoria Webb, Ruth Kahn, and Christine Sohl. Mr. Urbach shall arrange for the transfer to each Kahn Claimant of his or her share of the $4,600,000

Award, and shall provide the Court with documentation demonstrating that each of the Kahn Claimants did in fact receive his or her respective share of the $4,600,000 Award.

Dated: Brooklyn, New York
        February 14, 2013                          SO ORDERED:

                                                            *Edward R. Korman*
                                                            Edward R. Korman
                                                            United States District Judge